IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00084 SOM |
| | ) | Civ. No. 07-00163 SOM/KSC |
|     Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING AS PREMATURE |
|     vs. | ) | PETITION UNDER 28 U.S.C. |
| | ) | § 2255 |
| LUELENI FETONGI MAKA, | ) | |
| | ) | |
|     Defendant-Petitioner. | ) | |
| _____ | ) | |

ORDER DENYING AS PREMATURE PETITION UNDER 28 U.S.C. § 2255

After a jury trial, judgment was entered against Lueleni Fetongi Maka on May 11, 2006. Maka appealed this judgment of conviction to the Ninth Circuit Court of Appeals. See Amended Notice of Appeal (May 16, 2006). Maka argued in his Opening Brief to the Ninth Circuit that the Third Superseding Indictment was multiplicitous and that his trial counsel was ineffective. The Ninth Circuit has not yet ruled on Maka's appeal.

On March 27, 2007, Maka filed a petition to vacate his conviction and sentence under 28 U.S.C. § 2255. Maka accuses the Government of suborning perjury at his trial, saying that the Government forced witnesses at his trial to testify falsely under threat of federal imprisonment and/or deportation.

The Ninth Circuit has stated that a "district court *should not* entertain a habeas corpus petition while there is an appeal pending in [the Ninth Circuit] or in the Supreme Court,"

reasoning that the disposition of the appeal may render the habeas corpus petition unnecessary.  Feldman v. Henman, 815 F.2d 1318, 1320-21 (9th Cir. 1987).  The Ninth Circuit has applied this rule to petitions under § 2255 when appeals are pending in the Ninth Circuit.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997); Deeb v. United States, 944 F.2d 545, 548 (9th Cir. 1991); see also 1976 Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255.  However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").  Because Maka has a direct appeal pending in the Ninth Circuit, Maka's § 2255 petition is dismissed without prejudice as premature.  See Deeb, 944 F.2d at 548 (noting that a district court did not err when the court dismissed a § 2255 petition without prejudice when there was an ongoing appeal).

Although Maka's claim on appeal that he was convicted in multiple counts for the same violation would not result in his conviction being overturned, his ineffective assistance claim might result in his conviction being reversed or vacated.[1]

---

[1]Although ineffective assistance of counsel claims are generally inappropriate on direct appeal, the Ninth Circuit has recognized ineffective assistance claims on direct appeal in two circumstances: "1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or

Because there is a possibility that Maka's convictions will be overturned on appeal, rendering the present petition moot, judicial economy requires the dismissal of Maka's § 2255 petition.

Maka argues that this court should allow his § 2255 petition to proceed because of his "extraordinary circumstances." See United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981) ("The District Court may entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy."); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970) ("Except under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").  Maka says that "extraordinary circumstances" exist because he should not be incarcerated at all in light of the Government's subornation of perjury.  This court rules that the present petition lacks the "extraordinary circumstances" necessary to allow Maka to pursue a direct appeal and a § 2255 petition at the same time.

---

2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel."  United States v. Lillard, 354 F.3d 850, 856 (9th Cir. 2003).

Taylor did not clearly define the "extraordinary circumstances" necessary to allow a petitioner-defendant to pursue a direct appeal and a § 2255 petition at the same time. Taylor had been convicted of wire fraud. On appeal, Taylor asserted that the district court erred by allowing a photocopy of an exhibit, rather than the original, based on the Government's representation that it had unsuccessfully attempted to subpoena the original document. While Taylor's direct appeal was pending, Taylor attempted to collaterally attack his conviction and sentence, arguing that the Government had misled the court and defense counsel into believing that the document had been subpoenaed. The district court dismissed Taylor's collateral attack. Taylor appealed that dismissal, and it and his direct appeal were consolidated.

In its opinion on the consolidated appeals, the Ninth Circuit determined that "extraordinary circumstances" existed such that Taylor should have been allowed to pursue both his direct appeal and his collateral attack at the same time.

> When, as in the exceptional facts of this case, the collateral claim casts such a dark shadow on a pivotal aspect of the direct appeal and, at the same time, implicates the fundamental fairness of the trial and propriety of the Government's actions, it is our view that the concerns for justice are best served by prompt inquiry either confirming or dispelling the suspicion of irregularity raised.

Taylor, 648 F.2d at 572.  Analogous "extraordinary circumstances" are lacking here.

Although the present case involves an accusation that the Government suborned perjury, thereby calling into question the fundamental fairness of Maka's trial, the present case is distinguishable from Taylor because Maka's § 2255 petition does not cast "a dark shadow on a pivotal aspect of the direct appeal."  Id.  Instead, the matters raised in Maka's § 2255 petition are unrelated to issues raised in his direct appeal. Under these circumstances, judicial economy requires that Maka's direct appeal be decided before his § 2255 petition.  See United States v. Goldberg, 776 F. Supp. 513, 517 (C.D. Cal. 1991) (determining that "extraordinary circumstances" were lacking when a collateral proceeding was unrelated to issues in a direct appeal).  To hold otherwise would allow the Taylor exception to swallow the rule against allowing a collateral attack to proceed at the same time as a direct appeal.

Maka's § 2255 petition is therefore dismissed without prejudice.  Because this dismissal is not on the merits, it does not count as a § 2255 petition for purposes of § 2255's prohibition against second or successive petitions absent certification from the Court of Appeals.  Green v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a "second or successive petition" because the earlier petition .

5

. . was not adjudicated on the merits."). This means that, should the Ninth Circuit affirm Maka's conviction, he may then file a § 2255 petition with this court.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 24, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Maka, Cr. No. 03-00084 SOM; Civ. No. 07-00163 SOM/KSC; ORDER DENYING AS PREMATURE PETITION UNDER 28 U.S.C. § 2255