IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00084 SOM |
| | ) | Civ. No. 07-00163 SOM/KSC |
| Plaintiff-Respondent, | ) | |
| | ) | ORDER DENYING AS MOOT MOTION |
| vs. | ) | TO DISMISS PENDING PETITION |
| | ) | UNDER 28 U.S.C. § 2255 |
| LUELENI FETONGI MAKA, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

ORDER DENYING AS MOOT MOTION TO DISMISS
PENDING PETITION UNDER 28 U.S.C. § 2255

Lueleni Fetongi Maka appealed his judgment of conviction to the Ninth Circuit Court of Appeals. See Amended Notice of Appeal (May 16, 2006). While his direct appeal was pending, Maka filed a petition to vacate his conviction and sentence under 28 U.S.C. § 2255. See Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 (March 27, 2007). Maka filed that petition pro se. On April 24, 2007, this court dismissed that petition without prejudice because his direct appeal was still pending. See Order Denying as Premature Petition Under 28 U.S.C. § 2255 (April 24, 2007).

On May 4, 2007, Maka, again proceeding pro se, moved to dismiss the § 2255 motion without prejudice so that he could file a motion for a new trial based on newly discovered evidence pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. Maka says he is also seeking to withdraw his own motion without prejudice to avoid successive § 2255 motions.

Because Maka's § 2255 petition has already been dismissed without prejudice, Maka's motion to dismiss that petition is denied as moot. This court cautions Maka that, as long as counsel is representing him, he should consult with his counsel and file motions through counsel. See United States v. Michlin, 34 F.3d 896, 897 (9th Cir. 1994) (striking pro se motions on the grounds that defendants were represented by counsel); United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel.").

Because Maka raises the possibility of a Rule 33(b)(1) motion, the court refers Maka to the rule itself. Rule 33(b)(1) provides: "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Even if Maka had a basis for a Rule 33(b)(1) motion, this court could not grant the motion unless the appellate court remanded the case to this court. See United States v. Hays, 454 F.2d 274, 275 (9th Cir. 1972).

As highlighted in the prior order, dismissal of Maka's § 2255 petition without prejudice is not a judgment on the merits. Accordingly, any later timely petition would not be considered a second or successive petition for the purposes of § 2255. See Green v. White, 223 F.3d 101, 1002 n.1 (9th Cir. 2000) ("The present petition is not a 'second or successive

petition' because the earlier petition . . . was not adjudicated on the merits."). This ruling does not preclude another such petition when the pending appeal is resolved.

For the foregoing reasons, Maka's motion to dismiss his § 2255 petition is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2007.



_____
Susan Oki Mollway
United States District Judge

United States v. Maka, Cr. No. 03-00084 SOM; Civ. No. 07-00163 SOM/KSC; ORDER DENYING AS MOOT MOTION TO DISMISS PENDING PETITION UNDER 28 U.S.C. § 2255.