IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LUELENI FETONGI MAKA, | ) | Cr. No. 03-00084 SOM |
| | ) | |
| Movant, | ) | |
| | ) | ORDER DENYING MAKA'S MOTION |
| vs. | ) | FOR A NEW TRIAL BASED ON NEWLY |
| | ) | DISCOVERED EVIDENCE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff. | ) | |
| _____ | ) | |

ORDER DENYING MAKA'S
MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

On May 14, 2007, Lueleni Fetongi Maka filed a pro se motion for a new trial based on newly discovered evidence pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. See Motion for a New Trial Based on Newly Discovered Evidence (May 14, 2007). This motion was filed pro se despite Maka's representation by appointed counsel in this court and in his pending appeal to the Ninth Circuit. See Amended Notice of Appeal (May 16, 2006). Maka's counsel has declined to adopt his Rule 33(b)(1) motion. See Letter from Barry D. Edwards to Judge Mollway (May 21, 2007).

This court is under no obligation to entertain pro se motions filed by a defendant while the defendant is represented by counsel on appeal. See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A

criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) ("A person represented by an attorney cannot file pro se motions."); see also United States v. Michlin, 34 F.3d 896, 897 (9th Cir. 1994) (noting that the district court struck a pro se motion on the ground that defendants were represented by counsel).

Furthermore, Rule 33(b)(1) provides: "If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."  As Maka's appeal is still pending, this court is without jurisdiction to grant his motion.  Even if Maka has a valid basis for a Rule 33(b)(1) motion, this court cannot grant the motion unless the appellate court remands the case to this court.  See United States v. Hays, 454 F.2d 274, 275 (9th Cir. 1972).

Accordingly, the court denies Maka's May 14, 2007, motion without prejudice.  Maka may file appropriate motions after his appeal has been fully decided or after the case has been remanded.  Of course, Maka may file such motions pro se only if he is no longer represented by counsel.

IT IS SO ORDERED.


DATED: Honolulu, Hawaii, May 21, 2007.



_____
Susan Oki Mollway
United States District Judge


United States v. Maka, Cr. No. 03-00084 SOM; ORDER DENYING MAKA'S MOTION FOR A
NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.