IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,
   Plaintiff

vs.         CRIM. No. CR-03-00084 SOM

LUELENI FATONGI MAKA,
   Respondent

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DISMISSING COUNTS

**THE THE HONORABLE SUSAN OKI MOLLWAY U.S. DISTRICT JUDGE:**

COMES NOW, **LUELENI FATONGI MAKA** defeendant pro-se files this his Motion For Reconsideration of this Court's Order Dismissing Counts, pursuant to the Ninth Ciccuit's Memorandum of June 14, 2007, remanding this cause to this Court to enter an order dismissing the said Counts, shows this Court the following:

A.

On June 14, 2007, the Ninth Circuit entered its Memorandum, remanding this case to the district court because the court erred by failing to vacate Maka's convictions with respect to the forced labor counts it held to be multiplicitous.

B.

This Court in its Order of July 13, 2007, noted that there

has been some confusion about whether Maka planned to retain new counsel. However, Mrs. Cora Avinante never appeared on Maka's behalf, therefore, this Court proceeded with counsel of record. See **(Order Dismissing Counts, p. 2)**.

Mr. Maka, was under the impression that Mrs. Avinante was going to represent him on remand, however, she did not.

On June 26, 2007, Mr. Maka sent her a document entitled **Legal Memorandum-II** Appendix (A) pointing out an argument that could have been made to this Court on remand.

C.

## REASONS FOR RECONSIDERATION OF ORDER

1). <u>THIS COURT DENIED MAKA HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHEN IT PROCEEDED WITH THE REMAND PROCEEDINGS WITHOUT MAKA HAVING LEGAL RESPRESENTATION AND IN THE ABSENT OF OF MAKA WAIVING HIS RIGHT TO COUNSEL.</u>

Mr. Maka, at no time waived his right to counsel, during this critical stage of this proceeding, therefore, this Court actually denied Maka his Sixth Amendment right to counsel, when it proceeded without Maka having legal representation. **Infra, p2**

Mr. Maka had a legal right to counsel, the proceeding was one stemming from his direct appeal process, therefore, his Sixth Amendment right to counsel attached.

In **United States v. Cronic**, 466 U.S. 648, 104 S.Ct. 2039, 80 L. Ed 2d 657, the Supreme Court carved out a narrow exception where prejudice is presumed Cronic teaches that prejudice will be presumed if: (1) counsel is completely denied;(2) counsel is

2

denied at a critical stage of trial; or (3) counsel fails to subject the prosecution's case to meaningful adversarial testing. Id., at 659, 104 S.Ct. at 2047. This presumption of prejudice is seemingly irrebuttable since the cost of litigating its effect...is unjustable." Id., 658, 104 S.Ct. at 2046.

Before this Court proceeded without Maka being represented by legal counsel it should have held an evidentary hearing to determine whether Maka waived his right to counsel, or appointed Maka new counsel, in that there existed confusion concerning whether Maka had LEGAL COUNSEL.

For the foregoing reason this Court should reinstate the Ninth Circuit's remand and allow Maka to be represented by legal counsel.

Respectfully

*/s/ Lueleni F. Maka*
Lueleni F. Maka
Reg. No. 90129-022
Pro-se Litigant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was served upon:

Mr. William Shipley
Asst. U.S. Atty.
PJKK Federal Building, Suite 6-100
300 Ala Moana Blvd.
Honolulu, HI 96850

on this the 24th day of July, 2007, by placing such in the U.S. Mail.

*/s/ Lueleni F. Maka*
Lueleni F. Maka