```
                                    Mr. Lueleni F. Maka
                                    Reg. No. 90129-022
                                    FCI-Institution-II
                                    P.O. Box 5700
                                    Adelanto, CA 92301-5700
```

Date: June 26, 2007

LEGAL MEMORANDUM-III

To: Mrs. Cora Avinante, Esq.
    Attorney @ Law
    550 Halekauwila St. Room-304
    Honolulu, HI 96813

From: Lueleni F. Maka, Client

SUBJECT: PROPOSED ARGUMENT ON REMAND
         Case No. CR-03-0084- SOM

Upon review of the Ninth Circuit's decision, it is not at all a victory, but there is a strong argument that can be made to the district court on remand, or for that matter a rehearing to the Ninth Circuit, and it is as follows:

I.

Maka Was Denied A Fair And Impartial Trial, Violative Of His Fifth Amendment Due Process Right, And Has Been Prejuiced By The Government's Inflated View Of His Wrongdoing Caused By Including Counrts 18-23, Forced Labor Of The Indictment.

As the Ninth Circuit has already concluded: "...the district court erred by failing to vacate Maka's convictions with respect to the forced labor counts it held to be multiplicitous."

On remand, if allowed, it could be argued that Counts 12-17 should be reversed because the jury could easily have been prejudiced by the Government's inflated view of Maka's wrongdoing caused by including Counts 18-23 of the indictment.

After researching this argument, the only case that is on point is <u>McFarland v. Pickett</u>, 469 F 2d 1277 (7th Cir. 1972). The McFarland Court held that: "Petitioner received a sentence of three years on Count III and two years on Count IV. He could have been given a sentence of five years in prison for a single offense under 18 USC Sec. 924(a), and the total penalty was thus within the maximum range permitted by law. **It is possible, however, that the trial judge was influenced in his sentence by his belief that two offenses rather than one had been committed.**"

Likewise, Maka's jury could have been influenced in finding him guilty on Counts 12 thru 17, or, for that matter on all Counts in that most of the evidence overlapped, thus, denying him a fair and impartial trial, violative of his due process right to a fair trial.

Note: Enclosed is a copy of a case that relates to Maka's ineffective assistance counsel on appeal, it will be most useful in writing the issue anew.