

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
LUELENI FETONGI MAKA,        *
     Movant                  *
                             *
                             *
vs.                          *    D.C. NO. CR-0-00084 SOM
                             *
                             *
UNITED STATES OF AMERICA,    *
     Plaintiff               *
                             *
```

MOVANT"S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED
EVIDENCE PURSUANT TO FEDERAL RULES OF CRIMINAL
AND SUPPORTING BRIEF

TO THE HONORABLE SUSAN OKI MOLLWAY UNITED STATES DISTRICT JUDGE:

COMES NOW, **LUELENI FETONGI MAKA**, Movant pro-se files this his Motion For A New Trial, based on Newly Discovered Evidence, pursuant to Federal Rules of Criminal Procedures, Rule 33 (b)(1), and supporting Brief, shows this Honorable Court the following:

I.
Proceedings in the Underlying Criminal Case
In the District Court

1). Movant was arrested on January 28, 2003, and initially charged by Criminal Complaint with Alien Smuggling. The Goverment subse-quently sought and obtained superseding indictments on three occasions. Movant was tried under the Third Superseding Indictment, which charged Attempts; Human Tracfficking, Involuntary Servitdue and Forced Labor; Unlawful Conduct with Documents In Furtherance of

1

of Tracfficking; Involuntary Servitdue; Force Labor; Alien Harboring; and Alien Smuggling.

The "gulit phase of Maovant's jury trial began on Nov. 9, 2004, concluding on Dec. 14, 2004 with a jury verdict of guilty on all but two counts of the Third Superseding Indictment. Count 9 of the indictment was dismissed by the Government, and Count 10 resulted in an acquittal by the jury.

The " sentencing phase trial of Movant, with the same jury, began on Dec. 16, 2004, concluding on Jan. 12, 2005, thus, finding Movant guilty of all but two of the Nineteen Enhancement-based "sentencing allegations" from the Third Superseding Indictment.

This Court, at sentencing considered Movant's objections filed by his new counsel Mr. Barry Edwards, this Court did not impose sentence on Six Forced Labor Counts that it agreed were multiplicitious (Counts 18-23 of the Indictment), despite the jury's verdict of guilt on those Counts. These Six multiplicious convictions were not, however, vacated by this Court.

Movant appealed this Court's judgment and sentence imposed after the jury's verdicts. On June 14, 2007, the Ninth Circuit rendered its Memorandum Decision Affirmed In Part; Vacated In Part; Remanded, this case. On July 13, 2007, this Court entered an Order dismissing Counts 18-23, the forced labot counts that this court previously found multiplicitious.

2

## II.
## Trial/Sentencing Testimony of Declarants
## In The District Court

2). The standard of proof that the Government was required to prove the "Sentencing Allegations" was proof beyond a reasonable doubt, thus, the governement, on Dec., 16, 2004, called it's first witness **Panela Leaatoa** to establish the "sentencing allegations" relating to Counts 3, 9,14, and 20. Panela Leaatoa's testimony was material to the government establishing beyond a reasonable doubt that Movant caused "serious bodily injuries" to the allegaed victim **"Inoke Taufalele"** and whether a "dangerous weapon was used" by Movant.

The witness Panela Leaatoa's testified on Dec. 16, 2004 that after she returned in 1993 to work for Movant she saw Movant hit Inoke Taufalele the victim named in Counts 3,9,14 and 20.(E.R.1-2, Tr. 12/16/04,p.18).

On Dec. 10, 2004, a "Telephone Conference Hearing was held regarding **Jury Note 3**. The Jury requested portions of trial tran-script dealing with the testimony of Inoke Taufalele and Kenitoni Taufalele. (E.R.3-4, Tr. 12/10/04,pp.5-6).

The Government called it's second witness **Soane Kainiufahi** whose testimony was material to the "Sentencing Allegations" re-lating to Counts 1,7,12, and 18. Soane Kainiuf ahi's testimony was material to the government establishing beyond a reasonable doubt that Movant caused "serious bodily injuries" to the alleged victim "Salesi Mahe", and whether "a dangerous weapon was used by Movant.

Soane Kainiufahi, testified that he saw Movant hit "Salesi Mahe with a 2-by-4.(E.R.5-6;Tr. 12/16/04,pp. 23-24)

The Government called it's third witness **Fiekaniva Kainiufahi** the wife of Soane Kainiufahi. Mrs. Kainiufahi's testimony related only to how she came in the United States and she was assisted by Movant. (E.R.7-10;Tr. 12/16/04,pp.30-33)

The Government's fourth witness **Atunaisa Tupouata** testimony did not relate to the Sentencing Allegations of serious bodily injury or whether Movant used a dangerous weapon relating to "Salesi Mahe" and Inoke Taufalele. The government relied totally on the testimony of Panela Leaatoas " and Soane Kainiufahi" to prove beyond a reasonable doubt that Movant caused "serious bodi -ly injuries" to both "Inoke Taufalele" and "Salesi Mahe", and that Movant "used a dangerous weapon" against both "Inoke Taufalele and Salesi Mahe".

### Trial Testimony Of Soane Kainiufahi

Soane Kainiufahi, the government's witness testified during trial that Movant struck some of the young men living at the farm , and Movant hit Salesi Mahe with a piece of lumber, and he was about six meters away. That He hit Salesi Mahe twice, in the back .(E.R. 11-16; Tr., 11/30/04, pp. 100-106).

### Newly Discovered Evidence

3). Government's Panela Leaatos, who testified against Movant during his Sentencing Trial, has voluntarily recanted her testimony stating that the Government extorted from her false testimony against Movant, with threats of a term of imprisonment.SEE

4

(Exhibit (A) Declaration of **Panela Leaatoa**;Dated 02/07/07).

The Government's witness **Soane Kainiufahi**, who testified against Movant both during trial and his sentencing trial, has voluntaryily recanted his testimony stating that the Government willfully extored false testimony from him with threats of a term of imprisonment, as well as, promises outlined in his Declaration. See (Exhibit (B) Declaration of **Soane Kainiufahi**; Dated 03/15/07).

Further, the Government's witness **Fiekaniva Kainiufahi**,who testfied againts Movant during sentencing has decalred under oath that she was approached by the government and threatened with deportation and criminal charges for Illegal Entry, if she did not testify falsely against Movant. See (Exhibit (C) Declaration of **Fiekaniva Kainiufahi**; Dated 03/15/07).

## IV.

### ISSUE FOR REVIEW

4). MOVANT'S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW HAS BEEN VIOLATED WHEN THE GOVERNMENT KNOWINGLY USED FALSE TESTIMONY, WHICH WAS EXTORED FORM ITS WINTESSES WITH THREATS, THAT WERE USED AGAINST MOVANT DURING HIS TRIAL AND SENTENCING TRIAL.

Before this Court proceed to determine the merits of Movant's claim, it must first make a determination whether Movant passes the test as adopted in **United States v. Kransny**,607 F.2d 840 (9th Cir. 1979) Under the five prong test adopted in **United States v. Kransny, supra** Movant is required to meet the following requirements: (1) it must appear from the motion that the evidence relied

5

4). The evidence is material to substantial issues, relating to Movant's sentencing allegations, and it is as follows:

    (a) Declarant **Panela Leaatoa's** testimony was essential to the government in proving beyond a reasonable doubt that Movant casued serious bodily injury to the alleged victim **Inoke Taufalele**, and that Movant used a danerous weapon to cause Inoke Taufalele serious bodily injury, as alleged in Counts 3,9,14 and 20. The Declarant has sworn that the government extorted her false testimony against Movant. This evidence would be admissible at a new trial. See e.g., **Smith v. Baldwin,** 466 F.3d 805 (9th Cir. 2006).

    (b) Declarant **Soane Kainiufahi's** testimony was essential to the government in proving beyond a reasonable doubt the Sentencing Allegations of serious bodily injury to the alleged victim **Salesi Mahe**, and whether Movant used a dangerous weapon to cause Salesi Mahe serious bodily in juries as alleged in Counts 1,7,12 and 18 of the sentencing allegations in the indictment,whereas the Declarant has sworn that the government extorted his false testimony to prove beyond a reasonable doubt that Movant caused serious bdoily injuries to Salesi Mahe by using a dangerous weapon. This declaration would be admissible upon a new trial. See e.g., **Smith v. Baldwin, supra.**

5). Thus, in analyzing this new evidence in light of the entire Sentencing Trial there is a reasonable probability that Movant would be acquitted on a retrial on Counts 3,14,20, alleging that

on is, in fact, newly discovered, i.e., discovered after the trial : (2) the motion must allege facts from which the court may refer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an aquittal.

### Movant's Demonstration To Meet The Five Prong Test Adopted In United States v. Kransny. supra

1). It is most clear that Movant nor his trial counsel possessed or knew that the government's witnesses would come forth recanting their testiomy, stating that the government complled them to testify falsely against Movant.

2). The witnesses declarations did not exist during the course of Movant's trial. Movant, without delay has brought this evidence before this Court for due consideration, and for themost part it was deliberately withheld by the government considering the fact that witnesses testimony was extored from them, by the government.

3). Movant's newly discovered evidence is noncumulative. A review of the records clearly established that this particular issue raised by the evidence was not, and could not have been raised by the evidence at trial, unless the witnesses had come forth.

4). The evidence is material to substantial issues, relating to sentencing allegations of Movant's Sentencing Phase Trial as follows:

Movant caused "serious bodily injuries to Inoke Taufalele and used a "dangerous weapon" to cause serious bodily injuries to the victim.

Further, in analyzing this new evidence in light of the entire Sentencing Trial there is a reasonable probability that Movant would be acquitted on a retrial on Counts 1,7,12, and 18, all involving the victim Salesi Mahe, thus, alleging that Movant cause serious bobily injuries to the victim, and Movant used a dangerous weapon to inflict the serious bobily injuries on the victim.

For example: during the Sentencing Trial the government relied on four witnesses: (1) Panela Leaatoa; (2) Soane Kainiufahi ;(3) Fiekaniva Kainiufahi; and Atunaisa Tupouata, whose testimony will be summarized as follows:

Panela Leaatoa's testimony was essential to the government's case, in establishing that Movant caused serious bodily injuries to Inoke Taufalele with a dangerous weapon as alleged in Counts 3,9,14, and 20. Considering the fact that the government had no other witness to testified during the sentencing trial that Movant hit the victim Taufalele with a dangerous weapon, should this Court or jury have to adjudicate those allegations again, it appears that there is no other witness to testify for the government, to prove the sentencing allegations, as alleged in Counts 3,9,14, and 20.

**Soane Kainiufahi's** testimony was essential to the government in establishing that Movant caused serious bodily injuries to the victim Salesi Mahe, and used a dangerous weapon to inflict the serious bodily injuries on the victim, as alleged in the sentencing allegations, in Counts 1,7,12, and 18. Thus given that fact that Soane Kainiufahi is the singal witness whom the govern-ment presented to the jury to establish that Movant caused serious bodily injuries, by using a dangerous weapon on Salesi Mahe, there is a strong probability that Movant would be acquitted on retrial absent **Soane Kainiufahi's testimony.**

Further, testimony of the following witnesses, in no wise, support findings that Movant caused serious bodily injuries, by usoing a dangerous weapon on the victims **Inoke Taufalele** and **Salesi Mahe**, as alleged in the above mentioned counts. **Fiekaniva Kainiufahi** and **Atunaisa Tupouata's** testimony is summarized as follows:

(a) **Fiekaniva Kainiufahi's** testimony relates only to how she came into the United States and that she was assisted by Movant. (E.R. 7-10; Tr. 12/16/04, pp. 30-33)

(b) **Atunaisa Tuponata's** testimony is as follows:

That Salesi Mahe is her brother and before he came to Hawaii, she had not seen him in 15 years.

That she left Tonga and went to Hawaii to work for Movant she lived in Waipahu for one year, afterward, she moved in an apartment in Kaualena with 10 or 15 other people, for at least three years. She and the others worked for Movant trimming

9

trees. She and the others worked for Movant for at least ten years, that during those years Movant paid her no more than $30 or $40 a week.

That when she came to Hawaii she had a Tonga passport. And she was able to get a visa in Tonga to visit Hawaii. That after she arrived in Hawaii Movant took her passport.

That during the years she worked for Movant he hit her with a 2-by-4, and with his hands.

That she quit working for Movant, and went to San Francisco. She did not tell Movant that she was quitting and leaving for San Francisco.

Throughout Atunaisa Tupouata's testimony she never testified that Movant caused serious bodily injuries and used a dangerous weapon on Salesi Mahe her brother or Inoke Taufalele.(Tr.12/16/04,pp.36-47).

In the instance case, the government in establishing that Movant caused serious bodily injuries to the alleged victim Inoke Taufalele, and used a dangerous weapon to inflict serious bodily injuries, as alleged in Counts 3,9,14, and 20 of the sentencing allegations it's case rested entirely on the testimony of a singal witness, one Panela Leaatoa, who has recanted her testimony declaring that the government extorted false testimony from her against Movant. If Leaatoa's presence statement had been brought out during Movant's Sentencing Trial he probabily would have been acquitted, on Counts 3,9,14, and 20.

10

As for Counts 1,7, 12, and 18, the government in establishing Movant caused serious bodily injuries to the alleged victim Salesi Mahe, and used a dangerous weapon to inflict serious bodily injuries, as alleged in these counts, on the victim it's case rested entirely on the testimony of a singal witness, one **Soane Kainiufahi**, who has recanted his testimony declaring that the government extorted false testimony from him, against Movant. If Soane's present statement had been brought out during Movant's Sentencing Trial he probabily would have been acquitted, on Counts 1,7,12,and 18.

The point that Movant makes is illustrated by **United States v. Taglia**, 922 F.2d 413 (7th Cir. 1991). In **Taglia**, the Seventh Circuit stated:
> "Nothing in the text or history of Rule 33, or of the cognate civil rule (Rule 60(b)), supports a categorical distinction between types of evidence; and we cannot see the sense of such a distinction. If the government's case rested rntirely on the uncorroborated testi-mony of a single witness who was discovered after trial to be utterly unworthy of being believed because he had lied consistently in a string of previous cases, the district judge would have the power to grant a new trial in order to prevent an innocent person from being convicted. The interest of justice, the operative term of Rule 33 would require no less..."

Id., at 415.

In the instant case, the government has intentionally distorted the fact-finding process, when it extorted false testimony from witnesses against Movant, with threats of imprisonment and to be deported.

To the extent of this Court's analysis of the truthfulness of the witnesses recantations, it must consider that the witnesses

11

has nothing to gain, but much to loose, that is perjury charges could be filed against them, the agreements they made with the government is subject to be revoked, and possible charges of illegal entry filed against them.

The due process requirement voids a conviction where the false evidence is known to be such by the government. The essence of the due process violation is misconduct by the government, not merely perjury by the government's witness. Each witnesses sets out a factual basis for attributing misconduct, to the government for knowingly presenting false testimony to the jury.

Thus, each witness' recantation undermines their testimony, and their affidavits demonstrates that the government knew that they were lying when they gave testimony against Movant.

## CONCLUSION

WHEREFORE, Premises, Considered, the Movant prays that this Court grant an evidentiary hearing, on whether ther government knowingly extorted and presented false testimony against Movant , in   that , it's wqitnesses declarations discloses prosecutor misconduct, by use of false evidence, it knew to be false.

Respectfully

*/s/ L. F. Maka*
Lueleni F. Maka,
Reg. 90129-022
FCI-II Institution-2
P.O. Box 5700
Adelanto, CA 92301

CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing Rule 33 (b) (1) Motion and Excerpts of Record has been served by United States Mail upon:

1). William L. Shiply
    Assistance U.S. Attorney
    PJKK Federal Building, Suite 6-100
    300 Ala Moana Blvd.
    Honolulu, HI 96850

On this the __14th__ day of __SEPT__, 2007.

_____
Lueleni F. Maka, Pro-se
Reg. 90129-022

13