IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATE OF AMERICA, | No. _____ |
| Plaintiff, | |
| vs. | D.C. No. CR-03-00084-1 - SOM |
| LUELENI FETONGI MAKA, | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

### I. PRELIMINARY STATEMENT

COMES NOW, LUELENI FETONGI MAKA (hereinafter "Mr. Maka" or "Defendant"), Defendant files this Memorandum of Law in Support of his Motion for a New Trial Based on Newly Discovered Evidence pursuant to Federal Rule of Criminal Procedure 33 and Local Rules of Practice for the United States District Court for the District of Hawaii LR.7 and CrimLR 12.2. and states the following:

1) Defendant was denied a fair trial in violation of his 5th Amendment Due Process rights under *Brady v. Maryland*, 373 U.S. 83 (1963) when the government acted outrageously in coercing three material witnesses Panela Leaatoa (hereinafter "Panela), Soane Kainiufahi (hereinafter "Soane"), and Fiekaniva Kainiufahi (hereinafter "Fiekaniva") to falsely testify against Defendant by way of threats and offers of various benefits from the government. 2) The suppression of these facts and its unavailability to Defendant during his criminal trial are newly

discovered evidence requiring that Defendant Maka receive a new trial pursuant to Federal Criminal Rule of Procedure 33 and in the interest of justice.

## II. BACKGROUND INFORMATION

### A.     Procedural Background

On December 14, 2004 a jury panel returned the verdict of Guilty against Defendant on multiple counts of Federal offense violations (18 U.S.C. §§ 1584, 1590, and 1324). On January 12, 2005, the jury panel returned a second verdict following a trial for "sentencing phase" considerations.

Maka appealed this judgment of conviction to the Ninth Circuit Court of Appeals on May 16, 2006. On June 14, 2007, the Ninth Circuit affirmed Maka's convictions and sentence on several counts of human trafficking in violation of 18 U.S.C. Section 1590, involuntary servitude in violation of 18 U.S.C. Section 1584, and alien smuggling and harboring in violation of 8 U.S.C. Section 1324.

On June 14, 2007 the United States Ninth Circuit Court of Appeals remanded Defendant's case to District Court finding that Counts 18-23 of "multiplicitous." On July 13, 2007, the District Court granted the Government's oral motion to dismiss Counts 18-23 consistent with the ruling of the Ninth Circuit on appeal. During the pendency of this appeal, Defendant Maka filed a pro se motion to vacate and petition for Federal Habeas Corpus and the district court denied the motion for lack of jurisdiction. Defendant now moves this honorable court for a new trial based on newly discovered evidence.

### B.     Factual Background

Defendant was arrested on January 28, 2003, and initially charged with Alien Smuggling. Defendant was charged with Attempts; Human Trafficking, Involuntary Servitude and Forced Labor, and Unlawful Conduct with Documents

in furtherance of trafficking, involuntary servitude, forced labor, alien harboring, and alien smuggling.

The standard of proof that the Government was required to prove the "Sentencing Allegations" was proof beyond a reasonable doubt, thus, the government, on Dec. 16, 2004, called it's first witness Panela Leaatoa to establish the "sentencing allegations" relating to Counts 3, 9, 14 and 20. Panela Leaatoa's testimony was material to the government establishing beyond a reasonable doubt that Defandant caused "serious bodily injuries" to the alleged victim "Inoke Taufalele" and whether a "dangerous weapon was used" by Defendant.

On December 10, 2004, a "Telephone Conference Hearing was held regarding Jury Note 3. The Jury requested portions of trial transcript dealing with the testimony of Inoke Taufalele and Kenitoni Taufalele. (See attached *Exhibit "A"* - Trial TranscriptsE.R. 3-4, Tr. 12/10/2004, pp. 5-6).

Panela Leaatoa's testified on December 16, 2004 that after she returned in 1993 to work for Defendant, she saw Defendant hit Inoke Taufalele the victim named in Counts 3, 9, 14, and 20. (*See attached Exhibit "A"* - Trial Transcripts; E.R. 1-2, Tr. 12/16/2004, p.18).

The Government called it's second witness Soane Kainiufahi whose testimony was material to the "Sentencing Allegations" relating to Counts 1, 7, 12, 18. Soane Kainiufahi whose testimony was material to the government establishing beyond a reasonable doubt that Defendant caused "serious bodily injuries" to the alleged victim "Salesi Mahe", and whether "a dangerous weapon was used by Defendant. Soane Kainiufahi testified that he saw Mr. Maka hit "Salesi Mahe with a 2-by-4. (*See attached Exhibit "A"* - Trial Transcripts; E.R. 5-6; Tr. 12/16/2004, pp. 23-24).

Soane Kainiufahi, the government's witness, further testified prior to this date on November 11, 2004 during Defendant's trial that Defendant struck some of the young men living at the farm. He further claimed that Defendantt hit Salesi Mahe with a piece of lumber and was about six meters away when Salesi Mahe was hit twice, in the back (*See attached Exhibit "A"* - Trial Transcript; E.R. 11-16; Tr., 11/30/2004, pp. 100-106).

The government called it's third witness Fiekaniva Kainiufahi the wife of Soane Kainiufahi. Mrs. Kainiufahi's testimony related only to how she came in the United States and she was assisted by Mr. Maka. (*See attached Exhibit "A"* - Trial Transcript; E.R. 7-10; Tr. 12/16/2004, pp. 30-33).

The Government's fourth witness Atunaisa Tupouata testimony did not relate to the Sentencing Allegations of serious bodily injury or whether Defendant used a dangerous weapon relating to "Salesi Mahe" and Inoke Taufalele. The government relied totally on the testimony of Panela Leaatoas and Soane Kainiufahi to prove beyond a reasonable doubt that Defendant caused "serious bodily injuries" to both Inoke Taufalele and Salese Mahe, and that Defendant "used a dangerous weapon" against both Inoke Taufalele and Salesi Mahe.
Newly Discovered Evidence:

The government's witness, Panela Leaatoas, who testified against Defendant during his Sentencing Trial, has voluntarily recanted her testimony stating that the Government extorted from her false testimony against Defendant, with threats of a term of imprisonment (*See attached Exhibit "B"* - Affidavit of Panela Leaatoa; Dated 02/07/2007).

The Government's witness Soane Kainiufahi, who testified against Mr. Maka both during trial and his sentencing trial, has voluntarily recanted his

testimony stating that the Government willfully extorted false testimony from him with threats of a term of imprisonment, as well as, promises outlined in his declaration (*See attached Exhibit "C"* - Affidavit of Soane Kainiufahi; Dated 03/15/2007).

Further, the Government's witness Fiekaniva Kainiufahi, who testified against Defendant Maka during sentencing has declared under oath that she was approached by the government and threatened with deportation and criminal charges for Illegal Entry, if she did not testify against Defendant despite providing false allegations (*See attached Exhibit "D"* - Affidavit of Fiekaniva Kainiufahi; Dated 03/15/2007).

### III. GOVERNING LEGAL STANDARD

#### A.  Federal Rule of Criminal Procedure 33

Rule 33 allows a defendant to move a new trial on the basis of newly discovered evidence within three years of conviction, which the district court may grant when "the interest of justice so requires."[1]

#### 1.  Three Year Filing Limitation

This motion is based on newly discovered evidence and is therefore timely.

---

[1] Rule 33 provides:
"(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
"(b) Time to File
"(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict of finding guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
"(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict of finding of guilty."
F.R.C.P. 33

The verdict against Mr. Maka was returned on December 16, 2004. This motion is filed well within the three years allowed under Rule 33.

### 2. The Interest of Justice

When reviewing a motion for new trial, the court considers a five-part test adopted by *United States v. Kransy*, 607 F.2d 840 (9th Cir. 1979). Under this five-part test: (1) it must appear from the motion that the evidence relied on is in fact, newly discovered, i.e., discovered after trial; (2) the motion must allege facts from which the court may refer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would probably produce an acquittal. See *Id.*

### B. Standard for Granting a New Trial for *Brady* Violations.

The Government violates Defendant's 5th Amendment constitutional rights under *Brady v. Maryland*, 373 U.S. 83 (1963), when the government suppresses evidence favorable to the accused, violating due process of law, irrespective of whether the suppression is done in good faith or bad. *Id.* at 87. A new trial is warranted for a Brady violation when three requirements are satisfied: (1) evidence was suppressed; (2) the evidence was favorable to the accused; (3) the evidence was material to guilt or punishment. See *Benn v. Lambert*, 283 F.3d 1040, 1052 (9th Cir. 2002).

## IV. ARGUMENT

### A. The Government Violated Defendant's 5th Amendment Due Process Rights Under Brady v. Maryland.

In *Brady v. Maryland*, the Supreme Court has articulated that, "society wins not only when the guilty are convicted, but when criminal trials are fair; our

6

system of justice suffers when any accused is treated unfairly." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Here the outrageous conduct of the government rises to the level of a *Brady* constitutional violation.  Three material witnesses were threatened by the prosecution with imprisonment and deportation if they did not provide testimony against Defendant.  In fact, the three witnesses were extorted coerced into providing false testimony against Defendant due to their fear of imprisonment and deportation by the government.  (*See attached Exhibits "B"-"D"* - Affidavits of Panela Leaatoa, Soane Kainiufahi, and Fiekaniva Kainiufahi).  Following the conclusion of Defendant's jury trial, Mr. Maka only then become aware of the circumstances surrounding their false testimony.  This intentional distortion of facts and extortion of false testimony rises to the level of wilful suppression of evidence.

The three witnesses has since voluntarily recanted their testimonies in the form of affidavits and have stated in their affidavits that they are willing to testify on Defendant's behalf as to these claims if a new trial is granted by this honorable court (*See attached Exhibits "B"-"D"*, Affidavits).

Brady's progeny have articulated three elements that defendants must prove to show a Brady violation. *United States v. Jernigan*, 9th Circuit Court of Appeals No. 05-10086 (9th Cir. 2007).  Defendant argues that the coerced and false testimony of the witnesses clearly satisfy these elements, where this evidence:  1) is favorable to the accused 2) have been suppressed by the government, either willfully or inadvertently and 3) is material to the innocence of Defendant. *See Id.*, See also *Benn v. Lambert*, 283 F.3d 1040, 1052 (9th Cir. 2002).

1. **The suppressed evidence of the testimonies of three of the testifying witnesses are favorable to Mr. Maka.**

The testimonies procured by way of improper threats, which the prosecution's case heavily relied on to convict Defendant, are clearly favorable to Mr. Maka. Newly discovered evidence proves that those testimonies were perjured and procured by way of threats from the government. The first element established under Brady sets out that suppressed evidence must be favorable to the accused. *See United States v. Bagley*, 473 U.S. 667, 676 (1985)(citing *Brady*, 373 U.S. at 87).

Testimony heavily relied on by the government to prosecute Defendant later shown to be perjured, via newly discovered evidence, weighs heavily in Defendant Maka's favor. Evidence of the improprieties of the prosecution in eliciting these perjured testimony and the fact that these testimonies were the very reason Mr. Maka had been convicted is favorable in showing his innocence.

2. **The true testimonies of the witnesses were wilfully suppressed by the Government Prosecutors through their use of threats and misconduct.**

In proving the second element of a *Brady* violation, Mr. Maka contends that the government willfully suppressed evidence of the true testimonies of all three witnesses. *United States v. Agurs*, 427 U.S. 97 (1976). The government threatened each of the witnesses with felony charges, imprisonment, and deportation. Each of the three witnesses stated in their affidavits that they were not forced to work in involuntary servitude or held captive. But during Defendant's trial and sentencing trial, they were forced to falsely testify against Defendant Maka. *(See attached Exhibits "B-D"* - Affidavits). Further, the government prosecutors promised

various benefits in exchange for the these false testimonies: 1) dropped charges 2) no deportation 3) employment for 2 years and 4) a Permanent Residence at the end of the two year employment. *Id.* This intentional distortion of the fact-finding process and extortion of false testimony can only be construed as the Government's attempt to suppress evidence.

3. **Evidence of the perjured testimonies given by Mr. Leaatoa, Mr. Kainiufahi, and Mrs. Kainiufahi are material to Mr. Maka's innocence.**

*Bagley*, 473 U.S. at 676-78 furthers sets out the final element of a Brady violation where the suppressed evidence must be material to the guilt or innocence of the defendant. In assessing the "materiality" of Defendant's discovery of the falsified testimony, the Ninth Circuit in *United States v. Jernigan* states:

> "The touchstone of materiality review is whether admission of the suppressed evidence would have created a "'reasonable probability ' of a different result." (Footnotes ommited) *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)(citing *Bagley*, 473 U.S. at 682). And as the *Kyles* Court emphasized, the adjective "reasonable" is important. *Id.* A defendant need not show that [defendant] "would more likely than not have received a different verdict with the evidence." *Id.* Instead, [defendant] must show only that "the government's evidentiary suppression 'undermines confidence in the outcome of the trial." (Footnotes omitted)(quoting *Bagley*, 473 U.S. at 678)

*United States v. Jernigan*, 9th Circuit Court of Appeals, No. 05-10086 (July 9, 2007).

In the case at hand, as Defendant has earlier stated, Panela Leaatoa's testimony was essential to the government proving beyond a reasonable doubt that Defendant caused serious bodily injury to the alleged victim Inoke Taufalele and that Defendant used a dangerous weapon to cause Inoke Taufalele serious bodily injury, as alleged in counts 3, 9, 14, and 20. Further, Soane Kainiufahi's

testimony was essential to the government in proving beyond a reasonable doubt the Sentencing Allegations of serious bodily injury to the alleged victim Salesi Mahe, and whether Defendant used a dangerous weapon to cause Salesi Mahe serious bodily injuries as alleged in Counts 1, 7, 12, and 18 of the sentencing allegations in the indictment.

The testimonies of Panela Leaatoa, Soane Kainiufahi, and Fiekaniva Kainiufahi are material to Mr. Maka's innocence where the Declarants' have sworn that the government extorted their false testimony in order to prove beyond a reasonable doubt that Defendant was guilty of the crimes he was charged with.

Therefore, the outrageous misconduct and improper actions of the government clearly violated Defendant's 5th Amendment rights under Brady warranting a new trial.

**B.      Evidence of the Government's Unlawful Coercion of Three Testifying Witnesses Require That Defendant Maka Receive A New Trial Pursuant to Federal Rule of Criminal Procedure 33 and in the Interest of Justice.**

Clearly, evidence of the Government's outrageous conduct in unlawfully coercing three material witnesses to falsely testify against Defendant is newly discovered evidence meeting the five-part test under *United States v. Kransny*, 607 F.2d 840 (9th Cir. 1979).

**1.      Newly Discovered Evidence Since Trial**

It is most clear that neither Defendant nor his trial counsel possessed or knew that the government's witnesses would come forth recanting their testimony, stating that the government compelled them to testify falsely against Defendant. Evidence of the prosecution's misconduct

**2.      Diligence on the part of the Defendant.**

10

The witnesses' declarations did not exist during the course of Defendant's trial. Defendant, without delay has brought this evidence before this Court for due consideration, and for the most part, this evidence was deliberately withheld by the government considering the fact that witnesses' testimony were extorted from them by the government.

### 3. Evidence relied on by Mr. Maka is not merely cumulative or impeaching.

Defendant's newly discovered evidence is non-cumulative. A review of the records clearly established that the this particular issue raised by the evidence was not, and could not have been raised by the evidence at trial, unless the witnesses had come forth.

### 4. Evidence of false testimony elicited by the government during trial are material to the issues involved.

Evidence of false testimony used to convict Defendant are material to substantial issues, relating to sentencing allegations of Defendant's Sentencing Phase Trial. In providing supporting argument for this element of *Kransny's* five-part test, Defendant reiterates his points of the materiality of the newly discovered evidence in stating:

(a) Panela Leaatoa's testimony was essential to the government in proving beyond a reasonable doubt that Defendant was guilty of serious bodily injury and bodily injury with a dangerous weapon as alleged in Counts 3, 9, and 14.

(b) Soane Kainiufahi's testimony was essential in proving beyond a reasonable doubt the Sentencing Allegations of serious bodily injury and bodily injury with a dangerous weapon as alleged in Counts 1, 7, 12, and 18.

Further, this evidence would be admissible and material at a new trial.

Affiants Panela Leaatoa, Soane Kainiufahi, and Fiekaniva Kainiufahi have sworn that the government extorted their false testimony against Defendant, are willing to testify on his behalf, and would thus be material to Mr. Maka's innocence.

### 5. On a new trial, newly discovered evidence would probably produce acquittal.

In the instant case, where the government intentionally extorted false testimony from the witnesses and rested its entire case on those false testimonies, there is a reasonable probability that Defendant would be acquitted based on this newly found evidence. The 7th Circuit in *United States v. Taglia*, 922 F.2d 413 (7th Cir. 1991) pointed out that:

> "If the government's case rested entirely on the uncorroborated testimony of a single witness who was discovered after trial t be utterly unworthy of being believed because he had lied consistently in ...the district judge would have the power to grant a new trial in order to prevent an innocent person from being convicted." *Id.*

In analyzing evidence of the government misconduct in procuring false testimony, in light of the entire Sentencing Trial, there is a reasonable probability that the Defendant would be acquitted on a retrial on Counts 3 and 14 alleging that Defendant caused "serious bodily injuries to Inoke Taufalele and used a "dangerous weapon" to cause serious bodily injuries to the victim.

Further, in analyzing this new evidence in light of the entire Sentencing Trial, there is a reasonable probability that Defendant would be acquitted on a retrial on Counts 1, 7, and 12, all involving the victim Salesi Mahe, thus, alleging that Defendant cause serious bodily injuries to the victim, and Defendant used a dangerous weapon to inflict the serious bodily injuries on the victim.

During the Sentencing Trial, the government relied on four witnesses: (1)

Panela Leaatoa; (2) Soane Kainiufahi; (3) Fiekaniva Kainiufahi; and (4) Atunaisa Tupouata., whose testimony will be summarized as follows:

### (1) Panela Leaatoa's Testimony

Panela Leaatoa's testimony was essential to the government's case, in establishing that Defendant caused serious bodily injuries to Inoke Taufalele with a dangerous weapon as alleged in Counts 3, 9, 14, and 20. Considering the fact that the government had no other witnesses to testify during the sentencing trial that Movant hit the victim Taufalele with a dangerous weapon, should this Court or jury have to adjudicate those allegations again, it appears that there is no other witness to testify for the government, to prove the sentencing allegations, as alleged in Counts 3, 9, 14, and 20.

### (2) Soane Kainifahi's Testimony

Soane Kainiufahi's testimony was essential to the government in establishing that Defendant caused serious bodily injuries to the victim Salesi Mahe, and used a dangerous weapon to inflict the serious bodily injuries on the victim, as alleged in the sentencing allegations, in Counts 1, 7, 12, and 18. Thus given the fact that Soane Kainiufahi is the single witness whom the government presented to the jury to establish that Defendant caused serious bodily injuries, by using a dangerous weapon on Salesi Mahe, there is a strong probability that Defendant would be acquitted on retrial absent Soane Kainiufahi's testimony.

Further, testimony of the following witnesses support findings that Defendant caused serious bodily injuries, by using a dangerous weapon on Inoke Taufalele and Salesi Mahe, as alleged in the above-mentioned counts.

### (3) Fiekaniva Kainiufahi's Testimony

Fiekaniva Kainiufahi's testimony related only to how she came into the U.S.

and that she was assisted by Defendant (See attached Exhibit "A" - Trial Transcript; E.R. 7-10; Tr. 12/16/2004, pp.30-33).

### (4) Atunaisa Tuponta's Testimony

Ms. Tuponta's testified that Salesi Mahe is her brother and had not seen him in 15 years before coming to Hawaii. She further testified that she came to Hawaii to work for Defendant.

Throughout her testimony, Ms. Tuponta never testified that Defendant caused serious bodily injuries and used a dangerous weapon on Salesi Mahe, her brother, or Inoke Taufalele. (See attached Exhibit "A" - Tr. 12/16/04. pp.36-47).

In the case at bar, the government in establishing that Defendant caused serious bodily injuries to the alleged victim Inoke Taufalele, and used a dangerous weapon to inflict serious bodily injuries, as alleged in Counts 3, 9, 14, and 20 of the sentencing allegations, rested its entire case on the testimony of a single witness, Panela Leaatoa. Panela Leaatoa has since, voluntarily recanted her testimony declaring that the government extorted false testimony from her against Defendant. Had Ms. Leaatoa's present statement been brought out during Defendant's Sentencing Trial, Mr. Maka would have probably been acquitted on Counts 3, 9, 14, and 20.

As for Counts 1, 7, 12, and 18, the government in establishing Defendant caused serious bodily injuries and used a dangerous weapon to inflict serious bodily injury on the alleged victim Salesi Mahe, the government's entire case rested entirely on the testimony of one single witness, Soane Kainiufahe. Mr. Kainiufahe, has since recanted his testimony declaring that the government extorted false testimony from him against Defendant.

To the extent of this Court's analysis of the truthfulness of the witnesses

recantations, it must consider that the witnesses have nothing to gain, but much to lose. Perjury charges could be filed against them, the agreements they made with the government is subject to revocation, and possible charges of illegal entry filed against them.

The interest of justice standard of Rule 33 requires that a new trial is warranted when new evidence is produced and the due process requirement voids a conviction where the false evidence is known to be such by the government. The essence of due process violation is the misconduct by the government, not merely perjury by the government's witness. Each witness sets out a factual basis for attributing misconduct, to the government for knowingly presenting false testimony to the jury.

## V. CONCLUSION

WHEREFORE, for the reasons stated in Defendant's Memorandum of Law, LUELENI FETONGI MAKA respectfully requests that this Court grant Defendant's Motion for New Trial based on newly discovered evidence and pursuant to Rule 33's interest of justice standard.

DATED: Honolulu, Hawaii    SEP 2 5 2007

_____
M. CORA AVINANTE
Law Office of M. Cora Avinante
550 Halekauwila St, Ste #3304
Honolulu, Hawaii 96813
Tel: (808)550-8867 Fax: (808)550-8869

Attorney for Defendant
LUELENI FETONGI MAKA