IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00084 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR NEW |
| vs. | ) | TRIAL BASED ON NEWLY |
| | ) | DISCOVERED EVIDENCE |
| LUELENI FETONGI MAKA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR NEW TRIAL
BASED ON NEWLY DISCOVERED EVIDENCE

On December 14, 2004, Lueleni Fetongi Maka was convicted in a jury trial. Judgment was entered against him on May 11, 2006. Maka appealed this judgment to the Ninth Circuit Court of Appeals. See Amended Notice of Appeal (May 16, 2006). On June 14, 2007, the Ninth Circuit affirmed the judgment in an unpublished memorandum decision. See United States v. Maka, No. 06-10339, 2007 WL 1725730 (June 14, 2007).

On September 24, 2007, Maka filed the present motion pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. Although Maka filed his motion pro se, an attorney representing him, M. Cora Avinante, filed a nearly identical motion on September 26, 2007. Avinante's motion expands on the arguments made by Maka in his pro se filing. The court therefore deems Avinante's filing to amend Maka's. Maka says that, after he was convicted, he discovered that three witnesses had testified falsely in his trial. Maka contends that this newly

discovered evidence justifies a new trial.  This court disagrees, as Maka fails to describe what testimony was false.  The court therefore denies Maka's motion for a new trial.

Because Maka's motion was filed within three years of the verdict in his case, the motion is timely.  See Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."); See also United States v. Maka, No. 06-10339, 2007 WL 1725730 n.1 (June 14, 2007) ("On remand . . . , the district court may, in its discretion, consider Maka's pro se Rule 33(b)(1) motion for a new trial based on newly discovered evidence.").

To succeed on motions for new trials, defendants must generally demonstrate:

> (1) ". . . that the evidence relied on is, in fact, newly discovered, i.e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would Probably produce an acquittal."

United States v. Krasny, 607 F.2d 840, 843 (9th Cir. 1979) (quoting United States v. Cervantes, 542 F.2d 773, 779 (9th Cir. 1976)).  The fifth Krasny factor (probable acquittal) is relaxed when a new trial is sought based on perjured testimony by Government witnesses.  In addition to the first four Krasny

factors, Maka must show only that he "Might or Possibly" would be acquitted in a new trial.  See Krasny, 607 F.2d at 843; accord United States v. Endicott, 869 F.2d 452, 455 (9th Cir. 1989) ("if the prosecution knowingly uses perjured testimony, or if the prosecution knowingly fails to disclose that testimony used to convict a defendant was false, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the jury verdict").

Maka does not meet this relaxed standard.  He does not demonstrate that, without the allegedly false testimony, he might be acquitted of any count.  Maka, for example, submits an affidavit by Panela Leaatoa.  In that affidavit, Leaatoa merely states that the Government compelled Leaatoa to testify falsely, telling Leaatoa what to say during the testimony.  Leaatoa, however, does not describe what testimony was supposedly false. See Affidavit of Panela Leaatoa (Feb. 7, 2007).  Without such a description, the court cannot tell whether that allegedly false testimony could have possibly affected Maka's conviction, or whether, in a new trial without that allegedly false testimony, Maka might be acquitted.

The affidavits of Soane and Fiekaniva Kainiufahi are similarly insufficient to demonstrate that Maka is entitled to a new trial.  Both of these affidavits merely state that the affiants testified falsely.  Like Leaatoa, they do not describe

3

what testimony was false or how that false testimony could have possibly affected Maka's conviction.  <u>See</u> Affidavit of Soane Kainiufahi (Mar. 15, 2007) ¶¶ 2-4; Affidavit of Fiekaniva Kainiufahi (Mar. 15, 2007) ¶¶ 2-4.

Because Maka's motion for a new trial is based on nothing more than assertions that false testimony was introduced at trial, Maka fails to establish that, but for the false testimony, he might have been acquitted.  <u>See</u> <u>Krasny</u>, 607 F.2d at 843.  In other words, the court cannot tell from the affidavits submitted by Maka whether the allegedly false testimony went to any material issue such that, in a trial without the false testimony, Maka might be acquitted.  Had the affiants, for example, falsely testified about how they spelled their names, that false testimony would not entitle Maka to a new trial. Accordingly, Maka's motion for a new trial is denied without a hearing pursuant to Local Rule 7.2(d) and Criminal Local Rule 12.3.

The court does caution defense counsel about the risks faced by any witness who signs an affidavit stating that the witness testified falsely on a material matter.  Such a witness might be indicted for perjury and end up in prison as a result of attempting to assist Maka.  Whether this is just or not, this court recommends that defense counsel invite any such witness to seek counsel before assuming such a risk.

4

      The Clerk of Court is directed to send a copy of this order to Lueleni Fetongi Maka, 90129-022 (D04-419L), FCI-2, POB 5700, Adelanto, CA 92301-5700; to M. Cora Avinante, 550 Halekauwila Street # 304, Honolulu, HI 96813; and to Assistant United States Attorney William L. Shipley, Jr.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, September 27, 2007.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

United States v. Maka, Cr. No. 03-00084 SOM; Civ. No. 07-00163 SOM/KSC; ORDER DENYING MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE