IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 07 2007

at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff | *<br>* | |
| vs. | * | CR. No. 03-00084 SOM |
| | * | |
| LUELENI FATONGI MAKA,<br>          Defendant | *<br>* | |

<u>DEFENDANT'S RULE 60 (b) (6) MOTION PURSUANT</u>
<u>TO FEDERAL RULES OF CIVIL PROCEDURE</u>

TO THE HONORABLE UNITED STATES JUDGE SUSAN OKI MOLLWAY:

COMES NOW, Lueleni Fatongi Maka, pro-se litgant, files this his Rule 60 (b) (6) motion, and shows this Court that "extra-ordinary circumstances" justies the reopening of the judgment of this Court entered July 13, 2007.

Relevant Facts

On June 14, 2007, the Ninth Circuit Court of Appeals issued its Memorandum Opinion In CA No. 06-10339 United States vs Maka, Affirmed In Part; Vacated In Part; Remanded. At page 3 of the Court's Slip Opinion the Court held:

> " However, the district court erred by faliing to vacate Maka's convictions with respect to the forced labor counts it held to be multiplicitous. Although the district court did not impose any sentence or special assessment on these counts, 18 USC Sec. 3013 requires the court to im-

**DENIED**

*[signature]*
UNITED STATES DISTRICT JUDGE

pose a $100 special assessment for each felony count of conviction. See Rutledge v. United States, 517 U.S. 292 ,301 (1996). This poses a dilemma. If we were to remand for the court to comply with this requirement, imposing the special assessment would result in cumulative punish-ment in violation of the Double Jeopardy clause. See id, at 301-03. Although petitioner did not challenge the assessment below, 18 USC Sec. 3013 required the district court to impose it" and the assessment was therefore a collateral consequence of conviction and a cumulative punishment not authorized by Congress. Therefore, the only appropriate remedy is for the district court also to vacate the convictions on the forced labor counts, thereby eliminating the requirement for the additional punishment. See id., at 301-02 (quoting Ball v. United States 470 U.S. 856, 864 (1985)."

On July 13, 2007, this Court entered the following Order Dismissing Counts 18-23, stating in part:

" Consistent with the ruling of the Ninth Circuit on Appeal this court grants the Government's oral motion to dismiss Counts 18 to 23, the forced labor counts that this court previously found multiplicious..."id, at page 1.

Based on the change of events relating to the final judgment rendered in this cause, "extraordinary circumstances" exist that justifies the reopening of this court's Order of July 13, 2007, dismissing counts 18 to 23 of the indictment, after a verdict of guilt was entered by the jury on both the trial and sentencing allegations of these counts. See Klapprott v. United States, 335 U.S. 601 (1949).

II.

DEFENDANT'S SHOW OF
EXTRAORDINARY CIRCUMSTANCES

Defendant contends that with this Court's dismissal of Counts 18 to 23 of the indictment, this court should have amended the judgment in this case, to reflect the dismissal of the dismissed counts, as they are reflected in defendant's Judgment filed in

2

This court on May 11, 2006, as convictions. See id., (Judgment In A Criminal case 1:03-CR-0084-SOM at page 3), which subjects the defendant to collateral consequences, as it is the judgment and sentence that will be shownto establish these convictions at a later date.

Further with the dismissal of counts 18-23 of the indictment without the Presentencing Investigative report being amended reflecting the same, the defendant, is subject to consequences on the adminidtrative level, here at the Bureau of Prisons (BOP). The BOP looks to defendant's convictions to determine a prison's placement.

Thus with the dismissal of counts 18-23, the above mentioned extraordinary circumstances justifies this court to reopen its Order of July 13, 2007, and re- issue an Order directing that the Presentencing Report be amended, as well as the Judgment, deleting the dismissed counts. Further these matters of concern could not have been brought to this court's attention because as this court noted there was confusion concernig defendant's counsel on remand.

## Conclusion

For the reasons set forth herein, this Court should vacate its judgment.

Respectfully,

Lueleni f Maka
Reg. No. 90129-022
FCI-Institution-II
P.O. Box 5700
Adelanto, CA 92301

3

I hereby certify that a true and correct copy of the foregoing has been served upon:

1). William Shipley
Asst. U.S Attorney
PJKK Federal Building, Suite-6-100
300 Ala Moana Blvd.
Honolulu, HI 968850

On this the _21st_ day of _Nov_, 2007, by placing such in the U.S. mail box.

Leuleni F. Maka