EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON, #4532
Chief, Major Crimes Section

WILLIAM L. SHIPLEY
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: William.Shipley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 08-00024 SOM KSC |
| | ) | CR. NO. 03-00084 SOM |
| Respondent/Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| vs. | ) | PETITIONER'S MOTION UNDER 28 |
| | ) | U.S.C. SEC. 2255 TO VACATE, |
| LUELENI FETONGI MAKA, | ) | SET ASIDE, OR CORRECT |
| | ) | SENTENCE; CERTIFICATE OF |
| Petitioner/Defendant. | ) | SERVICE |
| _____ | ) | |

GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION UNDER 28 U.S.C. SEC. 2255 TO
<u>VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

The United States of America, by and through its counsel of record, EDWARD H. KUBO, Jr., United States Attorney for the District of Hawaii, and WILLIAM L. SHIPLEY, Assistant United States Attorney, respectfully submit this response to the motion of petitioner/defendant LUELENI FETONGI MAKA (hereinafter

"defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255.

## INTRODUCTION

The defendant was initially indicted on February 20, 2003. A 36-count third superseding indictment was returned on November 4, 2004, charging him with human trafficking, involuntary servitude, forced labor, unlawful use of documents, alien smuggling and alien harboring. Following a jury trial, the defendant was convicted on December 14, 2004.

The defendant was represented at all times through trial by William Domingo of the Federal Defender's Office, and later by attorney Barry Edwards at sentencing and through appeal.

On May 11, 2006, the defendant was sentenced to 26 years in custody. The defendant filed a timely notice of appeal on May 12, 2006.

The judgment of the District Court was affirmed in part and remanded in part by the Ninth Circuit Court of Appeals in an unpublished memorandum on June 14, 2007.

On January 14, 2008, the defendant timely filed a motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence, based on claims of ineffective assistance of counsel and denial of his right to due process under the Fifth Amendment.

LAW AND ARGUMENT

I. The Defendant Did Not Suffer From Ineffective Assistance of Counsel As Claimed In His Petition, or Was Not Prejudiced as a Result.

A. Standard For Evaluating Claims of Ineffective Assistance of Counsel.

To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

When considering an ineffective assistance of counsel claim, "judicial scrutiny of counsel's performance must be highly deferential" and courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. The court must determine whether, in light of all circumstances, the identified acts or omissions where outside the wide range of professionally competent assistance. Id. at 718.

With respect to prejudice, it is not enough for a defendant to show that errors or omissions had some conceivable effect on the outcome of the proceeding. "He must show there is some reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). Counsel need not be infallible or recognize and assert every possible defense and argument. Woratzeck v. Ricketts, 820 F.2d 1450, 1453 (9th Cir. 1987), vacated on other grounds, 859 F.2d 1559 (9th Cir. 1988). A decision to waive an issue where there is little or no likelihood of success, and concentrate on other issues is indicative of competence, not ineffectiveness. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).

A court considering a motion for relief under Sec. 2255 need not determine first whether counsel's performance was deficient before examining whether any legally cognizable prejudice arose from the conduct alleged to have been deficient. As the Supreme Court instructed in Strickland, "The object of an ineffectiveness claim is not to grade counsel's performance. If

it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id., 466 U.S. at 697, 104 S.Ct. 2052.

>    B.  The Defendant Assertions Regarding Counsel's Deficient Conduct, Even If Assumed To Be True, Are Not Supported by Any Plausible Claim of <u>Prejudice Resulting Therefrom</u>.
>
>       1.  <u>Failure to Consult on Defense Strategy</u>.

The defendant complains that his trial counsel failed to consult with him, and obtain his agreement to a defense strategy that included concession of the defendant's guilt on the crimes of alien smuggling and alien harboring in order to bolster credibility for the defense's denial of guilt as to human trafficking and the related crimes charged in the indictment.

The defendant faults his trial counsel for saying in his opening statement that the jury would "hear evidence of alien smuggling and you will hear evidence of documents being withheld." He further faults his attorney for saying in closing argument "I'm going to tell you, ladies and gentlemen, find Mr. Maka guilty of smuggling. He's guilty of smuggling. He's guilty of harboring aliens...."

The government has not yet obtained an affidavit under oath from former defense counsel William Domingo, but one is not needed. This Court can resolve this allegation by assuming, for

purposes of resolving this matter without an evidentiary hearing, that Mr. Domingo failed to consult with the defendant on the question of this particular defense strategy because the defendant has made no demonstrative showing of prejudice.

Concessions of guilt by counsel are not, of themselves, constitutionally deficient with respect to a defendant's right to competent representation. As the Ninth Circuit has held on several occasions, "'[I]n some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt on one of several charges.'" United States v. Thomas, 417 F.3d 1053, 1058 (9th Cir. 2005)(quoting United States v. Swanson, 943 F.2d 1070 (9th Cir. 1991)); see also, Anderson v. Calderon, 232 F.3d 1053, 1087-90 (9th Cir. 2000).

But, in Florida v. Nixon, 543 U.S. 175, 125 S.Ct. 551, 560, 561 (2004), the Supreme Court held it was deficient for a counsel to concede guilt on one or more charges as part of an over-arching defense strategy without first consulting with the defendant on such a strategy.

The allegations made by the defendant as to the conduct of his trial counsel in this respect do not, however, rise the level of ineffective assistance because the defendant has not shown the level of prejudice necessary to be entitled to relief. As noted above, the defendant must be able to show that but for

6

the concessions by counsel about which he complains, the outcome of the trial would have been different – i.e., that he would have been acquitted of the more serious offenses charged in the indictment. Thomas, 417 F.3d at 1056-57.

The only claim made by the defendant in this regard is that by conceding that the defendant was guilty of "harboring", counsel for the defendant advanced the government's case with respect to Counts 1 - 6 charging Human Trafficking, which included within the elements of the offense, as instructed to the jury, the need to find that the defendant "did recruit, **harbored**, transport, or obtain the person named for labor or services."

Even if it were plausible to claim that counsel's concession of guilt as to the "alien harboring" charges was at the same time a prejudicial concession as to one element of the charge of human trafficking, concession as to such an element is also a permissible defense strategy. Id., 413 F.3d at 1058 ("a trial attorney may find it advantageous to concede certain elements of an offense..."). Such a strategy only becomes "deficient" if there is a lack of consultation, and such deficiency only becomes ineffective assistance if there is demonstrable prejudice.

There was no prejudice to the defendant by his counsel's actions because of the overwhelming evidence of the defendant's guilt as to both the alien smuggling and alien

harboring charges, as well as the charges of human trafficking. All six named victims testified about the manner in which they came to travel from Tonga to Hawaii, including the fact that they posed as imposters using valid United States passports of United States citizens provided to them by Maka.  They testified to the names on the passports, and records of the Immigration and Customs Enforcement showed that the defendant had entered the United States from Tonga accompanied by persons carrying passports in those same names on or about the dates testified to by the victims.  Further, the defendant was arrested while returning to Hawaii from Tonga with an imposter carrying the valid US passport of Kuhio Barrios.  Barrios testified about how the defendant solicited him to apply for a passport, and how the defendant assisted him in obtaining the passport.

  The victims all testified, as did members of some of their families, that the defendant helped the victims come to the United States in order to work for the defendant's businesses. Thus, there was overwhelming evidence on the "human trafficking" counts as well.

  The government will not seek to make a detailed recitation of the trial testimony here, as the government is confident the Court recalls the lengthy testimony of the victims and other witnesses on these issues.  Considering the overwhelming nature of the evidence introduced at trial, it is

clear that the defendant has not made the necessary showing that, but for his trial counsel's concession of guilt on the more minor crimes, the result of the trial would have been different.

> 2. Counsel's Concession of a Crime Not Charged In The Indictment and Constructive Amendment <u>of the Indictment by Defense Counsel</u>.

Defendant further complains about his counsel's statements in closing argument that what the evidence really revealed was a "conspiracy" involving the defendant and others in bringing people from Tonga to Hawaii outside the lawful immigration process. The defendant contends this admission constitutes some form of "constructive amendment" of the indictment by his own counsel.

A defendant charged by a grand jury indictment may only be tried on the charges set forth in that indictment. <u>United States v. Dipentino</u>, 242 F.3d 1090, 1094 (9th Cir.2001). A indictment is constructively amended if there is a change, whether literal or in effect, in the terms of the indictment. <u>Id</u>.

Its possible that the government might introduce evidence at trial from which a jury might have decided that the defendant committed other crimes not charged in the indictment, but if the jury is not instructed the district court on those other crimes, and no verdict is returned on those other crimes, there is no "constructive amendment."

The jury instructions given here by the district court correctly set forth the elements of each offense, and no language was added to the instructions that provided the jury the opportunity to convict the defendant for offenses other than those charged in the indictment. Since the jury was instructed only on the elements of the offenses charged in the indictment, and returned verdicts only on those offenses, there was no constructive amendment. See, Dipentino, 242 F.3d at 1095.

        3.   Waiver of Presence of Certified Interpreter.

The defendant contends that his counsel was ineffective in allowing the defendant to waive the presence of a certified interpreter at a critical stage of his trial. This claim is simply frivolous.

First, the matter for which an interpreter was waived was not a "critical stage" – in fact, based on the Supreme Court's decision in Booker which was issued in the middle of jury deliberations during the sentencing phase of the trial, the matter for which the interpreter was waived was completely meaningless.

As set forth in the defendant's motion, defense counsel waived the interpreter for a brief hearing involving the decision to replace a juror during the jury's deliberations on the guideline sentencing enhancements which were submitted to them following the guilty verdicts. Counsel also waived the

interpreter later in those same proceedings when the parties met with the Court to discuss the implications of the Supreme Court's decision in United States v. Booker.

As a result of Booker the jury's determination of the sentencing issues was rendered meaningless as the Supreme Court made the sentencing guidelines advisory and vested full discretion in the District Judge to make factual findings related to the calculation and imposition of sentence.  Since the jury's deliberations were meaningless its folly for the defendant to claim that his counsel's waiver of an interpreter in these two instances amounted to ineffective assistance at a "critical stage" of the case.

Further, the defendant has made no allegation that he was "prejudiced" by these waivers, i.e., a reasonable showing that, but for his counsel's deficient performance in waiving the interpreter the outcome of the case would have been different.

> II.  The Defendant's Trial Was Not Rendered Fundamentally Unfair In Violation of His Right To Due Process By The Presence of Multiplicitous Counts In The Indictment Charging Forced Labor.

This Court found at the conclusion of the trial, and the Ninth Circuit affirmed, that the counts of the indictment charging forced labor were multiplicitous.  Such counts violate the double jeopardy clause of the Constitution.

But the remedy for this Constitutional violation is for the defendant to not be sentenced for both crimes.  In United

States v. Matthews, 240 F.3d 806 (9th Cir.2001), dismissal of multiplicitous counts after conviction but before sentence was held to be an appropriate remedy.  The defendant was charged with three counts of being a felon in possession of a firearm, with each count alleging a different firearm, even though they were possessed simultaneously.  Id. at 813.  The defendant made a motion prior to trial for dismissal of two of the three counts on the basis of multiplicity.  Id. at 818.  The district court denied the motion and allowed the government to put on evidence as to all three counts, and allowed all three counts to go to the jury.  Id.  After the defendant was convicted on all three counts, he made a motion for new trial based on the negative psychological effect of a multiplicitous indictment.  Id.  The district court denied the motion, but dismissed two of the counts of conviction before sentencing.  Id.  "[T]he only question presented on appeal, is whether the dismissal of the multiplicitous counts after trial but before sentencing was an adequate remedy."  Id.

> The Ninth Circuit affirmed the convictions notwithstanding the multiplicity of the counts, stating:

> The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense.  [Internal citations and quotations omitted.]  By dismissing two of the three counts before sentencing, the district court ensured that Matthews did not face more than one sentence for the felony possession convictions.  While a new trial might theoretically be available as a

>   remedy in circumstances like these – where the jury
>   considered a multiplicitous indictment but the
>   defendant was sentenced under only one of the
>   convictions – we have rejected such a remedy where "the
>   [G]overnment would have introduced exactly the same
>   evidence had the indictment contained only one count"
>   of the charged offense.  <u>United States v. Nash</u>, 115
>   F.3d 1431, 1438 (9th Cir.1997), <u>cert. denied</u>, 522 U.S.
>   1117, 118 S.Ct. 1054, (1998).

<u>Matthews</u>, at 818.

While the counts charging involuntary servitude and forced labor were determined after conviction to have been multiplitious, the government would have introduced the same evidence if the indictment had charged only the more serious offense – involuntary servitude.  Since the evidence would have been the same, the defendant cannot show that the trial that was conducted was fundamentally unfair, and there is no basis to conclude that the outcome would have been any different had the forced labor counts not been included in the charging document.

> III. The Improper Waiver of the Defendant's
>      Presence In Certain Instances During Jury
>      Deliberations Does Not Rise To The Level of A
>      <u>Claim Cognizable Under Section 2255</u>.

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence."  The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such

sentence," (3) "that the sentence was in excess of the *427 maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

The circumstances which led Congress in 1948 to enact this legislation were reviewed in detail by Chief Justice Vinson, writing for the Court in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263 (1952). The legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined. See Heflin v. United States, 358 U.S. 415, 421, 79 S.Ct. 451 (1959) (concurring opinion).

> '(A) review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in *428 another and more convenient forum.' United States v. Hayman, 342 U.S., at 219, 72 S.Ct., at 272. (Emphasis added.)

The failure of a trial court to have the defendant present pursuant to the requirements of Rule 43 of the Federal Rules of Criminal Procedure, when the matters being heard by the court involved questions sent to the Court by the jury during deliberations, all of which dealt with ministerial matters and

not the substance of the charges under consideration by the jury, are not of themselves errors of the character or magnitude cognizable under a writ of habeas corpus. They are errors which are neither jurisdictional nor constitutional. They do not involve a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. They do not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

## CONCLUSION

Based on the foregoing, the government requests that the Court deny the defendant's motion with respect to all issues.

DATED: Honolulu, Hawaii, February 13, 2008

Respectfully submitted,

EDWARD H. KUBO
UNITED STATES ATTORNEY


By /s/ William L. Shipley
    WILLIAM L. SHIPLEY
    Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following person(s), by depositing said copy in the United States Mail, postage prepaid, as set forth below:

    Lueleni Fetongi Maka
    90129-022
    Federal Correctional Institution
    P.O. Box 5700
    Adelanto, CA 92301-5700
    Pro Se

    DATED:  Honolulu, Hawaii, February 13, 2008.

                      /s/ William L. Shipley
                      WILLIAM L. SHIPLEY
                      U.S. Attorney's Office
                      District of Hawaii