Lueleni Fetongi Maka #90129-022

FCI Victorville II, Medium, P.O. Box 5700

Adelanto, California 92301

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,   CV NO. 08-00024 SOM KSC

v.   CR NO. 03-00084 SOM

LUELENI FETONGI MAKA,

    Petitioner/Defendant.

_____ /

PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE

TO HIS SECTION 2255 MOTION

Now Comes Lueleni Fetongi Maka, ("Maka"), in pro se, and respectfully files his Reply to the Government's Response to his Section 2255 motion. In support thereof, he states:

The Government did not obtain an affidavit from trial counsel stating whether he did, or he did not, consult with Maka before conceding his guilt at trial. The Government concedes and argues, however, that counsel's concession of Maka's guilt, if any, was only related to Counts 1-6 but that such concession on "the more minor crimes" do not show that the result of the trial would have been different. Gov't Resp. at 5-9.

Since Maka was tried and convicted in 36 counts in this case, the government apparently argues that only a concession of all of the elements, in "all" of the offenses, is an error

of counsel that has sufficient impact on trial to "undermine confidence in the outcome." Gov't Resp. at 7-9. For the following reasons Maka disagrees.

First, even if counsel's concession of the elements is only related to Counts 1-6, as the government apparently conceeds, such concession "undermines the confidence in the outcome" of trial for those counts independently, even assuming arguendo, of the validity, if any, of "other" counts containing additional elements. Second, the concession of the elements in counts 1-6, violation of 18 U.S.C. Section 1590 (trafficking with respect to peonage, slavery, involuntary servitude, or forced labor) is also an admission of at least one element contained in the other counts (7-36). For example, a concession at trial of a violation of Section 1590 (Counts 1-6) is relevant to the element that Maka had knowledge he was violating the immigration laws and therefore knowingly harbored and concealed an illegal alien in violation of 8 U.S.C. Sections 1324(a)(1)(A)(iii) (Counts 30-35). The same is true with respect to the violation of Section 1592 (Counts 7-11) which is committed in "futherance" of Section 1590 (Counts 1-6).

Another example is a violation of Section 1584 (Counts 12-17)("knowingly and willfully" obtain the labor and services of a person) which was also committed in connection with violation of Section 1590 (Counts 1-6), and Title 8 U.S.C. Sections 1324(a)(1)(A)(iii) (Counts 24-28, 36)("alien Harboring"), and finally Section 1324(a)(2)(B)(ii) (Counts 30-35) (Alien smuggling).

The review of the elements in the other counts (7-36) shows that each of them contains an element from Counts 1-6. See for example the "mens rea" element for obtaining forced labor and to harbor an illegal alien. The mens rea for forced labor is "knowingly and willfully", and for harboring an illegal alien it is "knowingly and recklessly". Thus, considering the government's decision to charge Maka with 36 counts containing at least one similar "mens rea element", the government cannot deny the existence of spill-over to the similar-conjuncted mens rea element contained in the other Counts (7-36).

This is important because in the context of "prejudice", the existence of the spill-over effect from the concession in Counts 1-6 was an acknowledgment that Maka was guilty of all the charges presented to the jury. This, under the law, is an error so egregious that undermines the adversarial process and confidence in the justness of the result that a "presumption of prejudice" is justified. See, Chavez v. Pulley, 623 F.Supp 672 (D.C. Cal. 1985)(citing Wiley v. Sowders, 647 F.2d 642, 650 (6th Cir.1981)("Counsel's complete concession of petitioner's guilt nullified the adversarial quality of [the] fundamental issue [of his guilt or innocence]")

The government in its response does not explain what, if any, Counsel's tactical strategy was in this case; however, no matter how tactically sound the concession may have been, Counsel's failure to obtain Maka's approval before conceding his guilt on "any" charge is not protected by such

3

doctrine. Thus, if counsel failed to obtain Maka's approval before the concession, the first prong of the <u>Strickland</u> test is met. However, because the concession in question in this case involves matters outside the Court's record (whether counsel did, or did not, obtain Maka's approval before conceeding the elements of Counts 1-6), and the government did not obtain a declaration from Counsel explaining such matter, an evidentiary hearing is necessary. An evidentiary hearing is "usually required if the motion states a claim based on matters outside the record or events outside the courtroom." <u>See</u>, <u>United States v. Burrows</u>, 872 F.2d 915, 917 (9th Cir. 1989)

In this context, the record is not complete, no one knows of counsel's reasons for not obtaining Maka's permission to conceed to his guilt. Sure, the government is in the position that the arguments presented herein do not establish Maka's innocence of the charges. However, neither now, nor at the evidentiary hearing, must Maka establish an innocence outcome in this case. In this proceeding, he doesn't even need to demonstrate "that counsel's deficient conduct more likely than not altered the outcome", even if such outcome is related only to Counts 1-6. <u>Strickland</u>, 466 U.S. at 693. It is sufficient to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different", even if the difference is only related to Counts 1-6, because the admission involves the admission of at least one element contained in Counts 7-36. Id. 694.

4.

Maka respectfully submits that an evidentiary hearing is warranted in this case because while the Strickland standard is highly differential to counsel's tactical decisions, there is sufficient question as to the reasonableness of counsel's decision to conceed Maka's guilt on the counts in question without first obtaining his approval.

CONCLUSION

It is true that the Constitution of this great country gave to Maka the benefit of having an attorney, a jury, and a court of law to supervise the fairness of his trial, sentencing and appeal proceedings; however counsel's performance was deficient and prejudicial. Here, "the question is not whether guilt may be spelt out of the record" in Maka's case, "but whether if guilt has been found by a jury according to the procedure and standards appropriate for criminal trials." United States v. Alerta, 96 F.3d 1230 (9th Cir. 1996). In this case, such Constitutional requirement was not met. Therefore, Lueleni Fetongi Maka respectfully asks this Honorable Court for an order for an evidentiary hearing, and thereafter, upon granting relief on his Section 2255 motion, a new trial on each count.

Date: March 17, 2008

Respectfully submitted,
Lueleni Fetongi Maka #90129-022

Prepared with the help
of another prisoner under Johnson v.
Avery, 383 U.S. 483 (1969), and BOP's PS 1315.07 §547.11(f)(1)

5.

## CERTIFICATE OF SERVICE

I, Lueleni Fetongi Maka #901229-022, the Petitioner in this action hereby certify that a true copy of the foregoing document was sent to AUSA William L. Shipley, Room 6-100, PJKK Federal Building, 300 Ala Moana Boulevard, Honolulu, Hawaii 96850, by depositing it in the mailroom (Houston prisoner-rule) at FCI Victorville II, Medium, Adelanto, California 92301, on this 17th day of March 2008.

By: _____
Lueleni Fetongi Maka #90129-022