IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. NO. 03-00084 SOM |
| | ) | Civ. No. 21-00353 SOM/KJM |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER REFERRING TO NINTH |
| | ) | CIRCUIT DEFENDANT'S SECOND OR |
| vs. | ) | SUCCESSIVE MOTION UNDER 28 |
| | ) | U.S.C. 2255 TO VACATE, SET |
| LUELENI FETONGI MAKA, | ) | ASIDE, OR CORRECT SENTENCE; |
| | ) | EXHIBIT A |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER REFERRING TO NINTH CIRCUIT DEFENDANT'S
SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE; EXHIBIT A**

**I.      INTRODUCTION.**

Defendant Lueleni Fetongi Maka was sentenced in 2006 to 26 years of imprisonment with respect to several counts of human trafficking in violation of 18 U.S.C. §§ 1590 and 1594, involuntary servitude in violation of 18 U.S.C. § 1584, and alien smuggling and harboring in violation of 18 U.S.C. § 1324.  Maka appealed, and the Ninth Circuit affirmed in part, vacating a part of the judgment not implicated here.

While his direct appeal from the judgment of conviction was pending, Maka filed a motion under 28 U.S.C. § 2255, which this court dismissed without prejudice given the pending appeal. *See* ECF Nos. 207, 201, 211, 213.

On January 14, 2008, Maka moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  *See* ECF

No. 240.  On August 8, 2008, this court denied that motion.  *See* ECF No. 254.

On February 25, 2014, the Ninth Circuit denied Maka's application to file a second or successive motion under 28 U.S.C. § 2255.  *See* ECF No. 261.

On April 20, 2020, Maka filed an Emergency Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), arguing that his age and medical conditions placed him at considerable risk if he contracted the COVID-19 virus.  *See* ECF No. 263.  On April 21, 2020, the court appointed counsel for Maka with respect to his compassionate release request.  *See* ECF No. 270.  On May 19, 2020, after receiving further briefing, the court denied Maka's first compassionate release request.  *See* ECF No. 286. Maka appealed, and the Ninth Circuit later granted Maka's unopposed motion to dismiss that appeal.  *See* ECF Nos. 287, 291.

On September 4, 2020, Maka filed a Second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), again arguing that his age and medical conditions placed him at considerable risk if he contracted the COVID-19 virus.  *See* ECF No. 292.  On October 10, 2020, this court denied that second request.  *See* ECF No. 301.

On August 23, 2021, Maka filed what he called a "Motion to Modify/Reduce Term of Imprisonment and Appoint Counsel, Pursuant to Title 18 U.S.C. § 3582(c)(1)(A)."  *See* ECF No. 302.

This third compassionate release request argues that his counsel was ineffective in allegedly advising him that his maximum sentence would be 20 years. *Id.* Ineffective assistance of trial counsel is not an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Rather, it is the kind of argument raised in a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court therefore deems Maka's filing of August 23, 2021, to be a successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 302, a copy of which is attached hereto as Exhibit A.

This court recognizes the "significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). In 28 U.S.C. § 2255(h), Congress says that a second or successive motion under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" as raising newly discovered evidence or a new rule of constitutional law made retroactive to the case or previously unavailable to the movant.

The Ninth Circuit views the above limitation as jurisdictional in nature. *See Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015). Without authorization from the Ninth Circuit, this district court may not consider a second or

3

successive § 2255 motion.

This court therefore refers Maka's second or successive § 2255 motion to the Ninth Circuit in accordance with Circuit Rule 22-3(a), which states, "If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."

The Clerk of Court is directed to transmit to the Ninth Circuit this order, to which this court attaches as Exhibit A Maka's second or successive § 2255 motion. This order is to be served on Maka himself and on Assistant United States Attorney Michael Nammar, Chief, Criminal Division, given the departure of the Assistant United States Attorney assigned to this case. The Clerk is further directed to terminate the Second Motion To Vacate Under 28 U.S.C. § 2255 and to close Civil No. 21-00353 SOM/KJM.

DATED: Honolulu, Hawaii, August 23, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Maka*, Cr. No. 03-00084 SOM; Civ. No. 21-00353 SOM/KJM; ORDER REFERRING TO NINTH CIRCUIT DEFENDANT'S SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBIT A